IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **METSO MINERALS INDUSTRIES, INC.,** | : | CIVIL ACTION NO. 1:14-CV-1774 |
| | : | |
| | : | (Chief Judge Conner) |
| **Plaintiff & Counterclaim Defendant** | : | |
| | : | |
| v. | : | |
| | : | |
| **JTL MACHINE, LTD.,** | : | |
| | : | |
| **Defendant & Counterclaim Plaintiff** | : | |

# **ORDER**

AND NOW, this 27th day of January, 2016, upon consideration of the motion (Doc. 18) to dismiss filed by plaintiff and counterclaim defendant Metso Minerals Industries, Inc. ("Metso"), wherein Metso seeks dismissal of the amended counterclaims (Doc. 15) asserted by defendant and counterclaim plaintiff JTL Machine, Ltd. ("JTL") pursuant to Federal Rule of Civil Procedure 12(b)(6), see FED. R. CIV. P. 12(b)(6), and further upon consideration of the briefs (Docs. 19, 22, 23) submitted by the parties, which apply Pennsylvania law in addressing the motion *sub judice*, (see Doc. 19 at 6-14; Doc. 22 at 5-10; Doc. 23 at 2-7), and the court noting that the United Nations Convention on Contracts for the International Sale of Goods ("CISG") governs sales contracts between parties with places of business in different signatory nations, art. 1, § 1(a), Apr. 11, 1980, S. TREATY DOC. NO. 98-9 (1983), 1489 U.N.T.S. 3; see Forestal Guarani S.A. v. Daros Int'l, Inc., 613 F.3d 395, 397 (3d Cir. 2010), and that a party's place of business under the CISG is "that which

has the closest relationship to the contract and its performance," CISG, art. 10; see American Mint LLC v. Gosoftware, Inc., No. 05-CV-650, 2006 WL 42090, at *4 (M.D. Pa. 2006), and the court finding that Metso's place of business associated with the instant matter is York, Pennsylvania, (see Doc. 1 ¶ 1; Docs. 1-2 to 1-8), and that JTL's corresponding place of business is Port Colborne, Ontario, (see Doc. 1 ¶¶ 2, 8; Docs. 1-2 to 1-8), and the court observing that the United States and Canada are signatories to the CISG, see U.S. Ratification of 1980 United Nations Convention on Contracts for the International Sale of Goods, 52 Fed. Reg. 6262 (Mar. 2, 1987); *United Nations Convention on Contracts for the International Sale of Goods (Vienna, 1980)*, UNITED NATIONS COMMISSION ON INTERNATIONAL TRADE LAW (2016), http://www.uncitral.org/uncitral/en/uncitral_texts/sale_goods/1980CISG_status.html; see also Ajax Tool Works, Inc. v. Can-Eng Mfg. Ltd., No. 01-C-5938, 2003 WL 223187, at *3 (N.D. Ill. Jan. 30, 2003), and the court noting that domestic choice of law provisions are insufficient to exclude the CISG absent clear language which expressly rejects its application, CISG, art. 6; see BP Oil Int'l, Ltd. v. Empresa Estatal Petroleos de Ecuador, 332 F.3d 333, 337 (5th Cir. 2003); Roser Techs., Inc. v. Carl Schreiber GmbH, No. 11-CV-302, 2013 WL 4852314, at *7 (W.D. Pa. Sept. 10, 2013); It's Intoxicating, Inc. v. Maritim Hotelgesellschaft mbH, No. 11-CV-2379, 2013 WL 3973975, at *16-17 (M.D. Pa. July 31, 2013); Gosoftware, 2006 WL 42090, at *2, and the court observing that the choice of law provisions in the contracts underlying the instant dispute incorporate, respectively, "the internal laws of the U.S.A. and the state where the principal office of the division of [the] Buyer . . . is located," (Doc. 1-3 ¶ 16), and "the substantive laws of the USA state where the office

of the Buyer . . . is located," (Doc. 1-4 ¶ 16), but that said agreements neither reference the CISG nor evince a clear intent to exclude its application, (see Docs. 1-3, 1-4), and the court concluding that the CISG governs the action *sub judice*, see Forestal Guarani S.A., 613 F.3d at 397; It's Intoxicating, Inc., 2013 WL 3973975, at *16-17, and it appearing that Metso and JTL do not apply the CISG in their Rule 12 arguments, (see Docs. 19, 22, 23), it is hereby ORDERED that Metso's motion (Doc. 18) to dismiss JTL's amended counterclaims is DENIED without prejudice.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania